UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 19-153 |
| JORDY ROBERTSON | SECTION D (1) |

### ORDER

Before the Court is Defendant Jordy Robertson's Motion to Reconsider Detention pending sentencing.[1] The motion is opposed.[2] The Court has carefully considered the briefs and the applicable law. Because the Defendant fails to demonstrate by clear and convincing evidence that he is not a flight risk and that he is not a danger to the community, and because he fails to demonstrate an "extraordinary reason" meriting release, the Court denies the motion.

### I.     FACTUAL BACKGROUND

On January 31, 2019, the Government filed a Criminal Complaint alleging that Jordy Robertson had engaged in a conspiracy to distribute cocaine hydrochloride, had committed wire fraud, and had engaged in witness retaliation.[3] On February 4, 2019, Magistrate Judge North held a detention hearing.[4] Magistrate Judge North ordered that Robertson be detained, but stated that the order was without prejudice and could

---

[1] R. Doc. 67.
[2] R. Doc. 70.
[3] *See* R. Doc. 1.
[4] R. Doc. 9; R. Doc. 70-1.

be revisited at a later date if Robertson believed the circumstances warranted reconsideration.[5]  On August 9, 2019, a two-count Bill of Information was filed against Robertson, charging him with conspiracy to distribute cocaine hydrochloride and wire fraud.[6]

On September 5, 2019, Robertson pleaded guilty to both counts of the Bill of Information.[7]  His sentencing is scheduled for October 27, 2020.[8]  While awaiting sentencing, Robertson has been detained at the Nelson Coleman Correctional Center, which has experienced an outbreak of COVID-19.[9]  Robertson filed an emergency motion to reconsider his detention and for immediate release on bond.[10]  Robertson acknowledges that he is subject to a presumption of detention based on 18 U.S.C. § 3143.  However, he argues that he should be released under 18 U.S.C. § 3145(c), which allows for release if the defendant demonstrates by clear and convincing evidence that he or she is not a likely to flee or pose a danger to the safety of any other person or the community and "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."[11]  The Defendant argues that he meets these requirements because of his ties to the community and to his family, lack of any violent history, and the extremely dangerous COVID-19 situation that has developed at NCCC.[12]

---

[5] R. Doc. 70-1 at 38.
[6] R. Doc. 22.
[7] R. Doc. 30 (minute entry); R. Doc. 31 (plea agreement).
[8] R. Doc. 66.
[9] R. Doc. 67.
[10] *Id.*
[11] 18 U.S.C. § 3145(c).
[12] R. Doc. 67.

The Government has filed an opposition to Robertson's motion.[13] It argues that Robertson has not established that he is not a flight risk or a danger to the community. The Government argues that the Defendant's drug trafficking activities alone pose a risk to the community but that he has also previously threatened a federal witness. It further argues that the conditions caused by COVID-19 do not create an "exceptional reason" justifying Robertson's pre-sentencing release under § 3145(c).

## II. ANALYSIS

Robertson has pleaded guilty to a violation of the Controlled Substances Act, the maximum penalty for which is twenty years imprisonment.[14] This is a crime listed in 18 U.S.C. § 3142(f)(1)(C).[15] And 18 U.S.C. § 3143(a)(2) provides that:

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence shall be detained unless--
>
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.[16]

---

[13] R. Doc. 70.
[14] *See* R. Doc. 31 at 2; 21 U.S.C. § 841.
[15] 18 U.S.C. § 3142(f)(1)(C) ("an offense for which the maximum term of imprisonment of ten years is prescribed in the Controlled Substances Act").
[16] 18 U.S.C. § 3143(a)(2).

Here, Robertson does not contend that a motion for acquittal or a new trial will be granted, nor has the Government recommended no sentence of imprisonment. Therefore, as the Defendant recognizes, he is subject to a presumption of detention under § 3143(a)(2).

Robertson argues that despite this presumption of detention, he should be released under 18 U.S.C. § 3145(c). That provision states that "[a] person subject to detention pursuant to section 3143(a)(2) . . . , and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under the appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."[17] Robertson must therefore pass two independent hurdles. First, he must meet the conditions set forth in § 3143(a)(1) or (b)(1), which require a showing by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community. Second, he must demonstrate that there are "exceptional reasons" why is detention would be inappropriate.

Robertson has not made a showing by clear and convincing evidence that he is not likely to flee. The extent of the Defendant's argument that he is not likely to flee is that he is has extensive ties to South Louisiana and is a loving father to his children and family.[18] But courts have found such allegations insufficient to establish

---

[17] 18 U.S.C. § 1345(c). Although the statute is entitled "Review and appeal of a release or detention order," the Fifth Circuit has held that district courts may release prisoners under this statute. *See United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1992).
[18] R. Doc. 67-1 at 3-4.

4

that a defendant is not a flight risk.[19] Moreover, the Defendant is subject to a significant term of imprisonment at sentencing, and has criminal record that includes flight from an officer.[20] Robertson therefore fails to meet his burden to show that he is not likely to flee.

Nor has Robertson proven by clear and convincing evidence that he is not a threat to the community. The Defendant argues that he is a loving father, was gainfully employed at the time of his arrest, and does not have a history of violent crimes. He also argues that "although the Government was concerned about the safety of a government witness at the time of the original detention hearing" those concerns should be alleviated as it is believed the witness is incarcerated.[21] It is not stated how he is aware that this witness is now incarcerated.

Robertson's arguments lack merit. Robertson's pattern of drug offenses pose a threat to the community.[22] The Defendant's love for his family and previous gainful employment did not prevent him from committing the instant offenses, an offense that used his own son's illness for his own benefit. Further, the Court cannot overlook Robertson's threatening behavior toward a witness, in which he revealed where the witness lived, called him a "rat," and posted a picture of two hands in the shape of guns with the word "GUN" beneath them.[23] Robertson therefore fails to demonstrate that he is not a threat to the community.

---

[19] *See, e.g., United States v. Garcia Garcia*, 727 F. Supp. 318, 320 (N.D. Tex. 1989); *United States v. Adenuga*, No. 12-cr-313, 2014 WL 349568, at *2 (N.D. Tex. Jan 31, 2014).
[20] R. Doc. 39 at 17 (sealed).
[21] R. Doc. 67-1 at 4.
[22] *See United States v. Smith*, No. 14-cr-154, 2020 WL 3576937, at *1 (E.D. La. July 1, 2020); *United States v. Rueben*, 974 F.2d 580, 587 (5th Cir. 1992).
[23] R. Doc. 1 at 19.

Finally, even if Robertson did meet the conditions set forth in § 3143(a)(1) or (b)(1), he would still have to show that there are "exceptional reasons" why his detention would be inappropriate. Although the Fifth Circuit has not addressed what is constitutes an "exceptional reason," the Eighth Circuit has defined "exceptional" in this context as "clearly out of the ordinary, uncommon, or rare."[24]

The Defendant argues in his motion that his situation constitutes an "extraordinary reason" because he "periodically suffers from high blood pressure,"[25] which is often cited as a condition which raises the risk of complications if one contracts COVID-19. But Robertson acknowledges in his motion that he is "generally in good health,"[26] and the Presentence Investigation Report in this matter states that "defendant reported being in good physical condition."[27] Moreover, in similar contexts, courts have found that high blood pressure alone coupled with a generalized fear of COVID-19 is not an "extraordinary reason."[28] The Court therefore does not find that the circumstances averred to by Robertson arise to "extraordinary reasons" meriting release despite the presumption of incarceration imposed by § 3143.

The Court does not consider Robertson's motion lightly. It also recognizes the global pandemic and is sensitive to any impact on our incarcerated population. Nonetheless, because Robertson does not meet the statutory requirements, the Court denies his Motion to Reconsider Detention.

---

[24] *United States v. Brown*, 368 F.3d 992, 993 (8th Cir. 2004).
[25] R. Doc. 67-1 at 1-2.
[26] *Id.* at 1.
[27] R. Doc. 39 at 20.
[28] *See, e.g., United States v. Wilfred*, No. 07-cr-351, 2020 WL 4365531, at *4 (E.D. La. July 30, 2020) (collecting cases).

6

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Jordy Robertson's Motion to Reconsider Detention and for an Order Granting Temporary Release on Bond[29] is **DENIED**.

New Orleans, Louisiana, August 17, 2020.

*Wendy B Vitter*
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[29] R. Doc. 67.